Case 2:04-cv-01388-ML Document 23 Filed 01/11/07 Page 1 of 2

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JAN 11 2007
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
JAN 5 2007
CHARLES R. FULBRUGE III
CLERK

No. 06-30152
USDC No. 2:04-CV-1388

CLAUDE QUEST,

                      Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                      Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
--------------------

O R D E R:

    Claude Quest, Louisiana prisoner # 077579, was convicted of possession with intent to distribute heroin and sentenced to life imprisonment. He seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging this conviction. Quest also moves for leave to proceed in forma pauperis (IFP) on appeal.

    Quest seeks to challenge the district court's denial, as procedurally barred, of his claims that his removal from the courtroom violated his constitutional rights, that the admission of the testimony of an unqualified expert violated his constitutional rights, and that the grand jury proceedings were marked by unconstitutional racial discrimination. Quest has not

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

ORDER
No. 06-30152
-2-

shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Quest also seeks to challenge the district court's denial on the merits of his claims that the state courts' failure to suppress his confession violated his constitutional rights, that his confession and other evidence should have been suppressed because they were obtained in violation of his constitutional rights, that the state trial court's refusal to sever his trial from that of his co-defendant violated his Fourteenth Amendment right to due process, that the state court erroneously denied his motion for a new trial, and that his conviction was not supported by sufficient evidence. With respect to these claims, Quest has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; see also Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Therefore, COA is DENIED, and Quest's IFP motion is DENIED as moot.

RHESA H. BARKSDALE
UNITED STATES CIRCUIT JUDGE

A true copy
Attest
Clerk, U.S. Court of Appeals, Fifth Circuit
By
Deputy
New Orleans, Louisiana    1/5/07